Serial: **257890**

IN THE SUPREME COURT OF MISSISSIPPI

No. 89-R-99001-SCT

**FILED**

*IN RE: THE RULES OF CIVIL
PROCEDURE*

SEP 2 4 2025

OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

**EN BANC ORDER**

This matter is before the Court on its own motion.

On January 23, 2023, the Court amended Rule 45 of the Mississippi Rules of Civil

Procedure to allow attorneys to issue subpoenas. En Banc Order, *In Re Rules of Civ. Proc.*,

No. 89-R-99001-SCT, at *1 (Miss. Jan. 23, 2023); Corrected En Banc Order, *In Re Rules*

*of Civ. Proc.*, No. 89-R-99001-SCT, at *1 (Miss. Jan. 30, 2023). The Court also directed that

form subpoenas attached to the order be posted on the Mississippi Judicial College's website.

*Id.* at *1.

Months later, the Court entered another order to correct a typographical and to clarify

that the form subpoenas are "the Advisory Committee on Rules' work product and that this

Court neither adopts nor approves [them]." En Banc Order, *In Re Rules of Civ. Proc.*,

No. 89-R-99001, at *1 (Miss. June 14, 2023).

After due consideration, we find that the form subpoenas should be added to

Appendix A to the Mississippi Rules of Civil Procedure.

IT IS THEREFORE ORDERED that Appendix A to the Mississippi Rules of Civil

Procedure is amended to add the attached form subpoenas as follows: Exhibit A as Form 6,

Exhibit B as Form 7, and Exhibit C as Form 8. The amendments are effective upon this order's entry.

IT IS FURTHER ORDERED that the Mississippi Judicial College may, but is no longer required to, post the form subpoenas on its website.

IT IS FURTHER ORDERED that the Clerk of this Court must spread this order upon the minutes of the Court and send a certified copy to West Publishing Company for publication in the advance sheets of *Southern Reporter, Third Series (Mississippi Edition)*, and in the next edition of the *Mississippi Rules of Court*.

SO ORDERED, this the _____ day of September, 2025.

_____
T. KENNETH GRIFFIS, JR., JUSTICE
FOR THE COURT


AGREE: KING, P.J., MAXWELL, CHAMBERLIN, ISHEE, GRIFFIS, SULLIVAN AND BRANNING, JJ.

DISAGREE: RANDOLPH, C.J., AND COLEMAN, P.J.

2

# Exhibit A

_____ Court of _____County, Mississippi

| | | |
|---|---|---|
| _____ | ) | |
| *Plaintiff(s)* | ) | Case No. _____ |
| v. | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUBPOENA TO PRODUCE MATERIALS OR TO PERMIT
## INSPECTION OF A PREMISES (CIVIL ACTION)

To: _____
*(Name of person or entity to whom this subpoena is directed)*

☐  *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or things within your possession, custody or control, and to permit inspection and copying of the materials:

| Place: | Date and Time: |
|---|---|
| | |

☐  *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the premises designated below at the time, date, and location set forth below, so that the requesting party may inspect the premises:

| Place: | Date and Time: |
|---|---|
| | |

**YOU SHALL NOT PRODUCE DOCUMENTS OR THINGS OR PERMIT INSPECTION UNTIL TEN DAYS AFTER YOU WERE SERVED WITH THIS SUBPOENA.**

---

The following provisions of M.R.C.P. 45 are attached – Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e), relating to your duty to respond to the subpoena.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk*                              *Attorney's Signature*

---

The name, email address, and telephone number of the attorney representing *(name of party)*_____, who issued or requested this subpoena are:

---

**Notice to the person who issues or requests this subpoena:**
This subpoena must first be served upon each party pursuant to M.R.C.P. 5 before it is served on the person to whom it is directed. M.R.C.P. 45(a)(5).

## PROOF OF SERVICE
*(This section shall be promptly filed with the court as required by M.R.C.P. 45(c)(2).)*

☐      I received this subpoena for *(name of individual and title, if any)*_____

_____ on *(date)*_____.


☐      I served the subpoena by delivering a copy on the named person as follows: _____

_____

_____

_____ on *(date)*_____.


☐      I returned the subpoena unexecuted because: _____

_____

_____ .


     I declare under penalty of perjury under the laws of the State of Mississippi that the foregoing information contained in the Proof of Service is true and correct.


Date: _____


_____
*Server's Signature*


_____
*Printed Name and Title*


_____
*Address of Server*

Additional information regarding attempted services, etc.:

# NOTICE TO PERSONS SUBJECTED TO SUBPOENAS

Mississippi Rule of Civil Procedure 45 (d) and (e)

**(d) Protection of Persons Subject to Subpoenas.**

(1) *In General.*

(A) On timely motion, the court from which a subpoena was issued shall quash or modify the subpoena if it (i) fails to allow reasonable time for compliance; (ii) requires disclosure of privileged or other protected matter and no exception or waiver applies, (iii) designates an improper place for examination, or (iv) subjects a person to undue burden or expense.

(B) If a subpoena (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the court may order appearance or production only upon specified conditions.

(2) *Subpoenas for Production or Inspection.*

(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents, electronically stored information, or tangible things, or to permit inspection of premises need not appear in person at the place of production or inspection unless commanded by the subpoena to appear for deposition, hearing or trial. Unless for good cause shown the court shortens the time, a subpoena for production or inspection shall allow not less than ten days for the person upon whom it is served to comply with the subpoena. Absent order of the court, production or inspection shall not be made until the tenth day after the date of service of the subpoena on the recipient and this shall be conspicuously noted on the face of the subpoena. A subpoena commanding production or inspection will be subject to the provisions of Rule 26(d).

(B) The person to whom the subpoena is directed may, within ten days after the service thereof or on or before the time specified in the subpoena for compliance, if such time is less than ten days after service, serve upon the party serving the subpoena written objection to inspection or copying of any or all of the designated materials, or to inspection of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the material except pursuant to an order of the court from which the subpoena was issued. The party serving the subpoena may, if objection has been made, move at any time upon notice to the person served for an order to compel the production or inspection.

(C) The court, upon motion made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may (i) quash or modify the subpoena if it is unreasonable or oppressive, or (ii) condition the denial of the motion upon the advance by the person in whose behalf the subpoena is issued of the reasonable cost of producing the books, papers, documents, electronically stored information, or tangible things.

**(e) Duties in Responding to Subpoena.**

(1) *Producing Documents or Electronically Stored Information.*

(A) Documents. A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified.

If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form.

The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information.

The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery, motion for a protective order, or motion to quash, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(5). The court may specify conditions for the discovery, including those listed in Rule 26(b)(5).

(2) *Claiming Privilege or Protection.*

(A) Information Withheld. When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this subpoena has been served on:

_____

*Name of Counsel or Unrepresented Party*

_____

*Address*

_____

*If serving counsel, name of represented party*

_____

*Method of Service*

So certified, this the_____day of_____.

_____
Signature
Counsel for _____

# Exhibit B

_____ Court of_____County, Mississippi

| | | |
|---|---|---|
| _____ | ) | Case No. _____ |
| *Plaintiff(s)* | ) | |
| v. | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## DEPOSITION SUBPOENA (CIVIL ACTION)

To: _____

*(Name of person or entity to whom this subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the place, date and time specified below to testify at a deposition. If you are an entity, you must designate one or more person to testify on the entity's behalf about the following matters:

The persons so designated shall testify as to matters known or reasonably available to the entity.

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method:_____.

☐ *Production:* You must also bring with you the following books, papers, documents, electronically stored information or tangible things, and must permit inspection, copying, testing or sampling of the materials:

**YOU SHALL NOT PRODUCE DOCUMENTS OR THINGS OR PERMIT INSPECTION UNTIL TEN DAYS AFTER YOU WERE SERVED WITH THIS SUBPOENA.**

The following provisions of M.R.C.P. 45 are attached – Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e), relating to your duty to respond to the subpoena.

Date: _____

*CLERK OF COURT*

OR

_____         _____
*Signature of Clerk*                                    *Attorney's Signature*

The name, email address, and telephone number of the attorney representing *(name of party)*_____,
who issued or requested this subpoena are:

**Notice to the person who issued or requested this subpoena:**
This subpoena must first be served upon each party pursuant to M.R.C.P. 5 before it is served on the person to whom it is directed. M.R.C.P. 45(a)(5).

## PROOF OF SERVICE

*(This section shall be promptly filed with the court as required by M.R.C.P. 45(c)(2).)*

☐      I received this subpoena for *(name of individual and title, if any)* _____

_____ on *(date)*_____.

☐      I served the subpoena by delivering a copy on the named person as follows: _____

_____

_____

_____ on *(date)*_____.

Unless the subpoena was issued on behalf of the State of Mississippi or an officer or agency thereof, or unless excused by the court upon a showing of indigence, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

☐      I returned the subpoena unexecuted because: _____

_____

_____

     I declare under penalty of perjury under the laws of the State of Mississippi that the foregoing information contained in the Proof of Service is true and correct.

Date: _____

_____
*Server's Signature*

_____
*Printed Name and Title*

_____
*Address of Server*

Additional information regarding attempted services, etc.:

# NOTICE TO PERSONS SUBJECTED TO SUBPOENAS

Mississippi Rule of Civil Procedure 45 (d) and (e)

**(d) Protection of Persons Subject to Subpoenas.**

(1) *In General.*

(A) On timely motion, the court from which a subpoena was issued shall quash or modify the subpoena if it (i) fails to allow reasonable time for compliance; (ii) requires disclosure of privileged or other protected matter and no exception or waiver applies, (iii) designates an improper place for examination, or (iv) subjects a person to undue burden or expense.

(B) If a subpoena (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the court may order appearance or production only upon specified conditions.

(2) *Subpoenas for Production or Inspection.*

(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents, electronically stored information, or tangible things, or to permit inspection of premises need not appear in person at the place of production or inspection unless commanded by the subpoena to appear for deposition, hearing or trial. Unless for good cause shown the court shortens the time, a subpoena for production or inspection shall allow not less than ten days for the person upon whom it is served to comply with the subpoena. Absent order of the court, production or inspection shall not be made until the tenth day after the date of service of the subpoena on the recipient and this shall be conspicuously noted on the face of the subpoena. A subpoena commanding production or inspection will be subject to the provisions of Rule 26(d).

(B) The person to whom the subpoena is directed may, within ten days after the service thereof or on or before the time specified in the subpoena for compliance, if such time is less than ten days after service, serve upon the party serving the subpoena written objection to inspection or copying of any or all of the designated materials, or to inspection of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the material except pursuant to an order of the court from which the subpoena was issued. The party serving the subpoena may, if objection has been made, move at any time upon notice to the person served for an order to compel the production or inspection.

(C) The court, upon motion made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may (i) quash or modify the subpoena if it is unreasonable or oppressive, or (ii) condition the denial of the motion upon the advance by the person in whose behalf the subpoena is issued of the reasonable cost of producing the books, papers, documents, electronically stored information, or tangible things.

**(e) Duties in Responding to Subpoena.**

(1) *Producing Documents or Electronically Stored Information.*

(A) Documents. A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified.

If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form.

The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information.

The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery, motion for a protective order, or motion to quash, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(5). The court may specify conditions for the discovery, including those listed in Rule 26(b)(5).

(2) *Claiming Privilege or Protection.*

(A) Information Withheld. When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this subpoena has been served on:

_____

*Name of Counsel or Unrepresented Party*

_____

*Address*

_____

*If serving counsel, name of represented party*

_____

*Method of Service*

So certified, this the_____day of_____.

_____
Signature
Counsel for _____

# Exhibit C

_____ Court of _____ County, Mississippi

| | | |
|---|---|---|
| _____ <br> *Plaintiff(s)* <br> v. <br> _____ <br> *Defendant(s)* | ) <br> ) <br> ) <br> ) <br> ) | Case No. _____ |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL (CIVIL ACTION)

To: _____
*(Name of person to whom this subpoena is directed)*

    **YOU ARE COMMANDED** to appear in the _____ Court of _____ County, Mississippi at the place, date and time specified below to testify in the above case.

| Place of Testimony: | Courtroom: |
|---|---|
| | Date and Time: |

    You must also bring with you the following documents, electronically stored information or things *(leave blank if inapplicable)*:

**YOU SHALL NOT PRODUCE DOCUMENTS OR THINGS OR PERMIT INSPECTION UNTIL TEN DAYS AFTER YOU WERE SERVED WITH THIS SUBPOENA.**

    The following provisions of M.R.C.P. 45 are attached – Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e), relating to your duty to respond to the subpoena.

Date: _____

        *CLERK OF COURT*

                              OR

| _____ | _____ |
|---|---|
| *Signature of Clerk* | *Attorney's Signature* |

    The name, email address, and telephone number of the attorney representing *(name of party)* _____ , who issued or requested this subpoena are:

**Notice to the person who issues or requests this subpoena:**
This subpoena must first be served upon each party pursuant to M.R.C.P. 5 before it is served on the person to whom it is directed. M.R.C.P. 45(a)(5).

## PROOF OF SERVICE

*(This section shall be promptly filed with the court as required by M.R.C.P. 45(c)(2).)*

☐      I received this subpoena for *(name of individual and title, if any)* _____

_____ on *(date)*_____.

☐      I served the subpoena by delivering a copy on the named person as follows: _____

_____

_____

_____ on *(date)*_____.

Unless the subpoena was issued on behalf of the State of Mississippi or an officer or agency thereof, or unless excused by the court upon a showing of indigence, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

☐      I returned the subpoena unexecuted because: _____

_____

_____.

I declare under penalty of perjury under the laws of the State of Mississippi that the foregoing information contained in the Proof of Service is true and correct.

Date: _____

_____

*Server's Signature*

_____

*Printed Name and Title*

_____

*Address of Server*

Additional information regarding attempted services, etc.:

# NOTICE TO PERSONS SUBJECTED TO SUBPOENAS

Mississippi Rule of Civil Procedure 45 (d) and (e)

**(d) Protection of Persons Subject to Subpoenas.**

(1) *In General.*

(A) On timely motion, the court from which a subpoena was issued shall quash or modify the subpoena if it (i) fails to allow reasonable time for compliance; (ii) requires disclosure of privileged or other protected matter and no exception or waiver applies, (iii) designates an improper place for examination, or (iv) subjects a person to undue burden or expense.

(B) If a subpoena (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the court may order appearance or production only upon specified conditions.

(2) *Subpoenas for Production or Inspection.*

(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents, electronically stored information, or tangible things, or to permit inspection of premises need not appear in person at the place of production or inspection unless commanded by the subpoena to appear for deposition, hearing or trial. Unless for good cause shown the court shortens the time, a subpoena for production or inspection shall allow not less than ten days for the person upon whom it is served to comply with the subpoena. Absent order of the court, production or inspection shall not be made until the tenth day after the date of service of the subpoena on the recipient and this shall be conspicuously noted on the face of the subpoena. A subpoena commanding production or inspection will be subject to the provisions of Rule 26(d).

(B) The person to whom the subpoena is directed may, within ten days after the service thereof or on or before the time specified in the subpoena for compliance, if such time is less than ten days after service, serve upon the party serving the subpoena written objection to inspection or copying of any or all of the designated materials, or to inspection of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the material except pursuant to an order of the court from which the subpoena was issued. The party serving the subpoena may, if objection has been made, move at any time upon notice to the person served for an order to compel the production or inspection.

(C) The court, upon motion made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may (i) quash or modify the subpoena if it is unreasonable or oppressive, or (ii) condition the denial of the motion upon the advance by the person in whose behalf the subpoena is issued of the reasonable cost of producing the books, papers, documents, electronically stored information, or tangible things.

**(e) Duties in Responding to Subpoena.**

(1) *Producing Documents or Electronically Stored Information.*

(A) Documents. A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified.

If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form.

The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information.

The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery, motion for a protective order, or motion to quash, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(5). The court may specify conditions for the discovery, including those listed in Rule 26(b)(5).

(2) *Claiming Privilege or Protection.*

(A) Information Withheld. When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this subpoena has been served on:

_____

*Name of Counsel or Unrepresented Party*

_____

*Address*

_____

*If serving counsel, name of represented party*

_____

*Method of Service*

So certified, this the_____day of_____.

_____

Signature

Counsel for _____